O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANT EUGENE KINNSCH,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:16-CV-07092 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In December of 2012, Plaintiff Brant Eugene Kinnsch applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.[1] Plaintiff, represented by Stuart T. Barasch, Esq.,

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 14, 16). On June 6, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 23).

## II. BACKGROUND

Plaintiff applied for benefits on December 20, 2012, alleging disability beginning June 23, 2011, due to back pain, leg/ankle pain, arthritis, blood clots, hand pain, and depression. (T at 164-65).[2] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On February 12, 2015, a hearing was held before ALJ Roger Winkelman. (T at 49). Plaintiff appeared with his attorney and testified. (T at 52-78). The ALJ also received testimony from Jeff Clark, a vocational expert (T at 78-83). At the hearing, Plaintiff acknowledged that he had engaged in substantial gainful activity in

---

[2] Citations to ("T") refer to the administrative record at Docket No. 19.

2013 and 2014 and thus amended his claim to seek benefits for a "closed period"[3] of disability from June 23, 2011, through July 15, 2013 (the "closed period"). (T at 26).

On February 25, 2015, the ALJ issued a written decision denying the application for benefits. (T at 23-37). The ALJ's decision became the Commissioner's final decision on July 22, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On September 21, 2016, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on February 13, 2017. (Docket No. 18). Plaintiff filed a supporting memorandum of law on March 15, 2017. (Docket No. 20). The Commissioner filed an opposing memorandum of law on April 17, 2017. (Docket No. 21). Plaintiff filed a reply on May 1, 2017. (Docket No. 22).

After reviewing the pleadings, memoranda of law, and administrative record, this Court finds that the Commissioner's decision must be reversed and this case remanded for further proceedings.

---

[3] "In a 'closed period' case, the decision maker determines [whether] a new applicant for disability benefits was disabled for a finite period of time which started and stopped prior to the date of his decision." *Mendoza v. Apfel*, 88 F. Supp. 2d 1108, 1112 (C.D. Cal. 2000)(quoting *Pickett v. Bowen*, 833 F.2d 289 n.1 (11th Cir. 1987)).

## III. DISCUSSION

### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§

404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie*

case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

C.  Commissioner's Decision

As noted above, during the administrative hearing, Plaintiff amended his application for benefits to allege disability only between June 23, 2011 and July 15, 2013 (the "closed period"). (T at 26). As such, the question for the ALJ was whether Plaintiff was disabled, under the Social Security Act, during that closed period.

The ALJ determined that Plaintiff did not engage in substantial gainful activity during the closed period and met the insured status requirements of the ty Act through December 31, 2016. (T at 28). The ALJ found that Plaintiff's blood clots in his legs and back pain were "severe" impairments under the Act. (Tr. 28).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 31).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work as defined in 20 CFR § 416.967 (b), with the following limitations: sit/stand/walk for 6 hours in an 8-hour workday; frequent balancing; occasional stooping, kneeling, crouching, and crawling; occasional pushing and pulling and operation of foot controls with bilateral lower extremities;

avoid concentrated exposure to extreme temperatures and vibration; avoid even moderate exposure to hazards; and no work on uneven ground. (T at 31).

The ALJ found that Plaintiff could perform his past relevant work in equipment sales. (T at 33). As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act during the closed period. (T at 33). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D. Disputed Issues**

Plaintiff offers three (3) main arguments in support of his claim that the Commissioner's decision should be reversed. First, he contends that the ALJ did not properly weigh the medical opinion evidence. Second, Plaintiff challenges the ALJ's credibility determination. Third, Plaintiff argues that the ALJ's past relevant work analysis was flawed. This Court will address each argument in turn.

### IV. ANALYSIS

**A. Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*,

379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id*.

10

DECISION AND ORDER – KINNSCH v BERRYHILL 2:16-CV-07092-VEB

In the present case, Dr. Sohail Afra performed a consultative examination in May of 2013. Dr. Afra assessed the following limitations: pushing/pulling/lifting carrying limited to 20 pounds occasionally and 10 pounds frequently; walking/standing limited to 4 hours in an 8-hour workday; sitting limited to 6 hours in an 8-hour workday; occasional bending/kneeling/stooping/crawling/crouching; no fine or gross motor limitations on the right side, but gross movements limited to frequent on the left side. (T at 334). The ALJ gave "significant weight" to Dr. Afra's opinion when determining Plaintiff's RFC. (T at 32).

Plaintiff argues that the ALJ failed to reconcile the decision to give significant weight to Dr. Afra's opinion, while also finding Plaintiff capable of walking/standing for 6 hours in an 8-hour workday, which is greater than the limitation assessed by Dr. Afra.

The Commissioner responds by noting that Dr. Pan and Dr. Kalmar, non-examining State Agency review consultants, opined that Plaintiff could walk/stand for 6 hours in an 8-hour workday, which is consistent with the ALJ's determination. (T at 94, 109).

This Court finds a remand is required. First, the opinion of a non-examining, State Agency physician does not, without more, justify the rejection of an examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995)(citing *Pitzer*

*v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990)). The rejection of an examining physician opinion based on the testimony of a non-examining medical consultant may be proper, but only where there are sufficient reasons to reject the examining physician opinion independent of the non-examining physician's opinion. *See e.g., Lester*, 81 F.3d at 831; *Roberts v. Shalala*, 66 F.3d 179 (9th Cir. 1995). As such, the fact that the State Agency review consultants assessed lesser limitation with regard than standing/walking than Dr. Afra does not, without more, justify a decision to adopt the former assessment (which was based solely on record review), as opposed to the latter (which was based on personal examination).

Second, the ALJ did not actually resolve the conflict in the manner proposed by the Commissioner. Rather, the ALJ did not appear to recognize the conflict at all. Indeed, the ALJ was quite clear about the fact that he was giving greatest weight to Dr. Afra's assessment, without apparently recognizing the need to reconcile the RFC determination regarding standing/walking with Dr. Afra's more significant restriction in that regard. "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ — not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r*, 554 F.3d 1219, 1226 (9th Cir. 2009).

12

DECISION AND ORDER – KINNSCH v BERRYHILL 2:16-CV-07092-VEB

A remand is required to revisit the assessment of Plaintiff's ability to stand/walk during the closed period in light of the evidence of record, including the opinion of the consultative examiner.

**B.     Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified with respect to the closed period of alleged disability as follows: He was 47 years old on the alleged onset date, having completed high school, along with some college and vocational courses. (T at 53-54). He suffered from deep vein thrombosis, which caused constant pain and pulsating in both legs. (T at 60). Back pain interfered with daily activities two to three days per week. (T at 61). Foot pain was also an issue. (T at 77). Pain medication caused difficulties with concentration. (T at 63-64). He had good days and bad days; most of the time he was not able to perform any activities due to pain. (T at 63-64). Pain made it very difficult to concentrate. (T at 64). He could walk about 500 feet before needing to stop, could stand for 15 minutes at a time, and could sit for about 4 hours. (T at 65). The most he could lift/carry was 20 pounds and he was unable to push or pull with his legs. (T at 66). His physician told him not to stand or walk for extended periods. (T at 67). He napped throughout the day, watched some television, and attended to basic self-care tasks and simple household chores. (T at 68, 70, 72, 73, 77).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 32-33).

14

DECISION AND ORDER – KINNSCH v BERRYHILL 2:16-CV-07092-VEB

This Court finds that the ALJ's credibility determination needs to be revisited on remand. In particular, Plaintiff testified that his pain was so severe at times that it interfered with his concentration. (T at 64). The ALJ discounted Plaintiff's testimony regarding pain-induced concentration difficulties without an adequate analysis. For example, the ALJ noted that Plaintiff was able to concentrate sufficiently to perform activities of daily living, such as watching television, listening to music, and visiting with friends. (T at 33). However, while Plaintiff testified that he had some ability to perform these activities with limitation on "good" days, he also stated that for about twenty-two (22) days of each month, the pain was so severe that he "literally couldn't do anything." (T at 64-65). The ALJ simply found an inconsistency between Plaintiff's reported activities and claimed limitations, without discussing the important clarification that Plaintiff testified that the reported activities were not sustained on a majority of days in a given month during the closed period of alleged disability.

Moreover, Dr. Isadore Wendel, a clinical psychologist, performed a consultative examination in May of 2013. Dr. Wendel opined that Plaintiff's self-reported restrictions in activities of daily living due to pain appeared to be "credible" and she assessed a "moderate-to-marked" limitation as to activities of daily living. (T at 339). Dr. Wendel assessed a moderate impairment with regard to Plaintiff's

concentration, persistence, and pace. (T at 339).  While the ALJ discussed Dr. Wendel's opinion in the context of considering whether Plaintiff had a severe mental impairment (T at 29-30), the ALJ did not address the extent to which Dr. Wendel's assessment lends support to Plaintiff's subjective claim of pain-induced concentration problems.  This is a material omission and the credibility assessment must be revisited on remand.

**C.    Past Relevant Work**

"Past relevant work" is work that was "done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. §§ 404.1565(a), 416.965(a).  At step four of the sequential evaluation, the ALJ makes a determination regarding the claimant's residual functional capacity and determines whether the claimant can perform his or her past relevant work.

Although claimant bears the burden of proof at this stage of the evaluation, the ALJ must make factual findings to support his or her conclusion. *See* SSR 82-62. In particular, the ALJ must compare the claimant's RFC with the physical and mental demands of the past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv). In sum, the ALJ must determine whether the claimant's RFC would permit a return to his or her past job or occupation. The ALJ's findings with

respect to RFC and the demands of the past relevant work must be based on evidence in the record. *See Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

Here, the ALJ concluded that Plaintiff could perform his past relevant work in equipment sales. (T at 33). This finding was based on the testimony of the vocational expert, who opined that a hypothetical claimant with limitations consistent with the RFC could perform the equipment sales job, as it is generally performed in the economy. (T at 33, 82). However, the hypothetical presented to the vocational expert asked him to assume a claimant capable of standing/walking for 6 hours in an 8-hour work day. (T at 82). As discussed above, Dr. Afra, the consultative examiner, concluded that Plaintiff was limited to standing/walking for 4 hours in an 8-hour work day. (T at 334). The ALJ gave "significant weight" to Dr. Afra's opinion (T at 32), while also finding that Plaintiff could stand/walk for 6 hours in an 8-hour workday. The ALJ offered no explanation as to how he resolved this conflict, which undermines the RFC determination. As the vocational expert's testimony was based on the RFC determination, and (in turn) the past relevant work finding was based on the vocational expert's testimony, the past relevant work analysis will need to be revisited on remand.

## D. Remand

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. While the ALJ needs to address Dr. Afra's standing/walking limitations and the question of pain-induced concentration difficulties more thoroughly, there is some evidence (including the State Agency review consultant opinions) to suggest Plaintiff may not have been as limited during the closed period as alleged. Moreover, even if Plaintiff's ability to stand/walk and/or concentrate during the closed period is assessed to be limited to a greater degree on reconsideration, the overall question of disability would still need to be resolved in light of the revised assessment. As such, this Court finds a remand for further proceedings warranted. *See Strauss v. Comm'r of Soc. Sec.*, 635 F.3d 1135, 1138 (9th Cir. 2011)("Ultimately, a claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

# V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this case for further proceedings consistent with this Decision and Order; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case, without prejudice to a timely application for attorneys' fees and costs.

DATED this 21st day of December 2017,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE